Thank you, Judge. Thank you, Your Honor. Thank you, Your Honors. All right, our fourth case for this morning is Weaver v. Speedway and we should have in a minute both Mr. Dunn and Mr. Davis. We don't have Mr. Davis. Okay, now. All right, so it looks like everybody's here. You may proceed, Mr. Thank you, Your Honors. Good morning. Collin Dunn on behalf of the plaintiff appellate. May it please the court. Summary judgment should not have been granted in this matter. The plaintiff presented admissible evidence as to each and every element of her premises liability claim. It's undisputed that Speedway owed her the highest duty of care and Speedway breached that duty. We presented evidence through photographs, the plaintiff's own testimony, as well as the testimony of the store manager that showed that the curb that she tripped over did not comply with Speedway's policy, which was intended to prevent the exact type of incident that occurred in this case. So here's, let me ask you this question. I think it's related to some of the arguments that Speedway makes, but it's a to say, you know, that there is this Speedway policy and it's in the record that says you should paint curbs, you know, bright yellow, but it's hard for me to imagine that painting a curb, that the duty of, in order not to breach the duty of care, you have to do something that specific. You know, painting curbs yellow. There are a lot of curbs that are not painted yellow in front of like that there needed to be something to address the trip, the tripping hazard, whether it was yellow paint or whether it was a ramp or whether it was, you know, a spotlight or, I mean, I'm, I'm troubled by the notion that the information in Speedway's, um, corporate manual all of a sudden turns into a legal standard of care. Well, it's not a legal standard of care, Your Honor. What the cases all say is that a policy like Speedway's painted curb policy is evidence that a jury may consider in deciding whether or not Speedway was negligent. And that's in the right case. I get that. I know you're saying that the standard of care is for a business invitee and so forth, but, but your argument seems to be the only way they could fulfill that is by paint. Is that correct? Well, no, our argument is that by not painting it, it was a unseen and unseeable curb that she tripped over. And so again, at the summary judgment stage, the court is just making a rote determination. Do we have admissible evidence as to each and every element of our claim? And the issue here is do we have evidence of breach? And the evidence of breach is that they have a policy that says that all curbs in front of all stores need to be painted yellow for the specific purpose of signifying caution. And in this case, the photographs show and the store manager's testimony confirm that this curb did not comply with that policy. We're not suggesting that every store everywhere needs to have a painted curb, but in the context of this case, Speedway requires that in front of its stores because of the very sensible reason that we've all been to stores like this, that the front of the store is plastered with ads and other marketing materials that Speedway wants you to be looking at. They don't want you to be looking at the ground as you're walking in. They want you to be looking at the sales signs and whatever else might be on the front of the store. So... Mr. Dunn, when does the record indicate the width of the door? In other words, when the door opens, does it completely cover the sidewalk? I don't think that's in the record, Judge Rippa. I'm sorry. I don't have that at my fingertips, but the photographs do show the door entryway. Yes. What color is the sidewalk and the roadway adjacent to it? Are they simply concrete, gray concrete, or are they painted in any way or color? Colored in any way. So the photographs that we've submitted that the parties agree for purposes of summary judgment show the scene at the time of the occurrence, to me, show that it's all concrete color. And the photographs that were shown to the plaintiff in her deposition show a much different coloring of the curve. And that's why she was able to say that had they been painted this color, I probably would have seen the curve and avoided it. Thank you. The breach here is not just, as the lower court suggested, some sort of rule that might be relevant to aesthetics or some other issue. It directly caused the injury, based on what I just mentioned to Judge Rippa, which is that she was shown, the plaintiff was shown, two sets of photographs, one on the day of the occurrence that the parties agree show the curve on the day of the occurrence, and then photographs that show the way it should be painted. And she said that she would have seen and avoided. So if the court in its de novo review goes through each and every element, we believe that you will find that there is admissible evidence as to each element, which is enough to satisfy the summary judgment standard. How do we know that Speedway hasn't just decided to go the extra mile? They've decided, hypothetically, in their corporate policy, and again, I believe they argue this, but yes, curbs are ubiquitous in this world, but we're going to make it even easier for our customers, so we're going to paint the curb yellow. You don't want to discourage firms from taking extra measures for the protection of their customers or other invitees. That's true. I think I'd say a couple things. One, they owe the highest duty of care, so nothing that they could do would create a higher duty than what they already owe. But that's the duty. They certainly could do more than the duty of care obligates them to do. People do that all the time. The second thing I would say is I don't think companies act that way. I think there was a reasonable, sensible assessment here that this curb, because of the reasons I stated before, which is that they put advertisement and other things in front of the person that they want them to be looking at as they enter into the store. They made the sensible decision that we're going to paint this curb to, as this court's found in another Speedway case, to signify caution to that person so that they can have another visual clue that there is a curb that they need to avoid as they enter into the store. So this isn't a case, we believe, where we're asking that this policy, for instance, a policy that could arguably be read as simply being an aesthetic purpose and transform it into some kind of safety statute or safety policy. The only purpose of this policy is to keep customers safe on the premises. That's the stated purpose in the manual. So because, in this case, the policy was intended to prevent the exact type of injury that occurred here, we feel like a jury should be able to assess that. And certainly, Speedway could make the argument that you just made here, Judge Wood, that this is above and beyond the reasonable care standard, that we don't have to do this, that our lack of painting it doesn't mean that we violate the standard of care or acted unreasonably. Those are all arguments that Speedway could make here. But again, the issue for the court is, was summary judgment proper? And in performing the analysis that it does routinely, which is, is there admissible evidences to each element we think that there is? And certainly, there's another side of the story for the policy that Speedway can present to the jury, but that doesn't mean that it should be granted. Summary judgment should be granted in this case. And I would like to reserve the rest of my time for rebuttal. Certainly, you may do that. Mr. Davis. Good morning, Your Honors, and may it please the court. I am Tom Davis, representing the defendant, Speedway. Judge Morton completely analyzed all of the factors under Indiana premises liability law, took into account the undisputed material facts in this case, and correctly granted summary judgment for the defendant. There's talk about duty. There's absolutely no doubt that Speedway owns this business in by duty. The duty is to exercise reasonable care. But as Judge Morton pointed out, and the Indiana Supreme Court and lower courts have pointed out, everybody has fallen. Everybody has tripped. And for that reason, among others, the restatement of torts was adopted by the Indiana Supreme Court in Burrell v. Needs and says there's no longer just a single standard to impose liability. In other words, the failure to exercise reasonable care. There are three factors, and they have to all be found. It's very clear that it is an and, not an or. And the key to this case is the first of those standards, whether the defendant knew or should know, obviously not an issue here, this is not a transient condition like a spill, that the condition would involve an unreasonable risk of harm to its employee. Here, Mr. Davis, is where, I mean, I'll give you sort of the flip side of what I asked Mr. Dunn. We all agree. You just said it. I don't think it's at all controversial that Speedway owes the duty that Indiana assigns to a business invitee. But looking at the pictures and the like, and I do think we have to take this as though this is an unpainted thing. I think your brief pushed a little hard on that. Was this curb open and obvious to people? There are a number of ways. I don't think there's only one way Speedway could have complied with a duty that had. Maybe one of the ways would be to put paint on it, or the other things I was suggesting, maybe an extra spotlight, or maybe cut out the curb and so you could roll up a... So you wouldn't have an abrupt change in height. But Speedway didn't do any... On this, taking the facts in the light most favorable to Ms. Weaver, Speedway didn't do anything. And the question is whether there is a jury issue on whether this risk was open and obvious. I'm happy to address that, Your Honor. First of all, it is absolutely incorrect from the evidence submitted to the court, both below and here, that Speedway did not do absolutely nothing. The picture submitted, and which the parties have accepted for purposes of summary judgment only, doesn't show no paint. It shows dim paint or faded paint. Almost imperceptible paint. I mean, honestly, I looked except your perception, but it's clear that there is some paint there. More importantly, and I understand that if a material fact in this case precluding summary judgment was the color or the vibrancy of the paint, it would be a totally different argument. But the point is, using the first standard, was it an unreasonable risk? And coupled with the second, which we haven't talked about yet, is what a reasonable plaintiff would have done on an objective standard, not a subjective standard of care. The court doesn't need to get to the third prong and the color of the paint. I would submit that if your honors left the court to go to the Palmer House or the Bergdorf Berliners, you would navigate both steps and curves going up and down. And as you pointed out, they're not all painted. I think we can address this argument about distracting intention and signage simply that, taking my analogy, if you were crossing the street to go to the Palmer House, you certainly should and ought to be attentive to the traffic in the street, which doesn't give you a pass not to be attentive to the curve. As Jim Martin says, this is a standard, unblemished, four-inch curve as we see throughout the world. And the fact that the standard may be admissible, the fact that there's a dispute about the picture doesn't change the fact that that curve, as it existed at that store, did not present an unreasonable risk of harm. It's the kind of curve we negotiate over and over again. And to address the second standard, Speedway has pointed out, and plaintiff has not contradicted, that 37 people navigated that curve during the 30 minutes at which it has video. During the five years prior to this event, there's only been one other incident of someone having a problem in that curve and there was no injury claimed or file made. So to take the first two standards that supports the summary judgment, which Judge Martin granted with his analysis, it makes the curve, the painting of the curve argument, frankly irrelevant to the motion that he granted for the very reasons he set out. Did you have a question? Yes. Mr. Davis, why aren't all of those things that you've just mentioned a part of the mix for the jury to consider? And then to return to the issue of the policy we were discussing with Mr. Dunn, why isn't it that a jury shouldn't decide whether that policy helps solve the question for number one about whether there was some harm that Speedway might appreciate? Sure. To the extent you talk about policy, Speedway has a policy and it's in the record and as counsel suggested, it's admissible where the case to go to trial, it's been admissible in the lower court below. But the Indiana Supreme Court in Wright versus Walmart addressed that issue very clearly. It says we want to encourage a business to adopt best practices without, in effect, changing the standard to which they're held because they're adopting standards more stringent. As Plaintiff points out in his brief, there's no rule, ordinance, or has a rule to try to go above and beyond, as Judge Martin pointed out, what would be required. And so it never gets to the jury because the plaintiff has failed to satisfy the first two of the three standards, which have to all be satisfied in order to prevail on a premises liability case. I think lastly, your honors, as I'm nearing the end of my time, plaintiff also attempts to defeat summary judgment by submitting an affidavit which says, I didn't see this. If it were different, I would have seen it. I'm almost sure I would have seen it. I wouldn't expect anything otherwise. If someone ever came in and said, you know, I saw it, I tripped on it, I just wasn't exercising reasonable care, we'd all be shocked. But that's not the standard. Whether it's true or not true, or buffing or not, a reasonable patron, an invitee of that speedway for exercising reasonable care, dealing with that curb, just as he or she deals with curbs everywhere in their life, would have seen it, and that of her sister, certainly can't satisfy any of their burden. In fact, they're not even admissible relevant evidence on this question. Well, I'm not so sure about that. One thing that worries me about that part of your argument is that it's clear, looking at the speedway manual, the whole point of this policy is to make the curb more visible, more apparent to people who are coming to the curb. Obviously, the risk that this policy is designed to avert happened, i.e., she trips on the curb, she didn't see it, didn't bring itself to her attention, and no alternative mechanism that would have provided equally good warning to her, you know, like a bump is coming. Even when you're driving down roads, you know, there'll be a sign sometimes that there's a bump in the road or the like. So the policy is particularly focused on exactly the harm that happened to her. So it seems to me, even without getting into personal affidavits, if you ran a test and showed people with a bright color and people without one, they were going to see the bright colored thing more often. They'll avert the harm that speedway was trying to guard against. Well, that may be true. All those things may be true, but in this case, your honor, it's this particular curb in its condition, and that curb, unlike any other curb, didn't present an unreasonable risk of harm. Speedway's curb can't be different from, that's the crux of the right versus wrongward case. Speedway's curb can't be any more unreasonable than any other curb because it doesn't have a brighter shade of yellow paint on it. The color of the paint is just not an issue. Mr. Davis, does the record show the height of the curb? It is a standard curb, which I believe is a four-inch curb. And frankly, your honor, I'm not sure if the height is in the record, but it's, as you can see in the photograph, it's a standard curb. It is a standard curb. Yes, sir. Thank you. Yes, sir. Anything further, Mr. Dunn? Just a few points, your honor. I think it's important, number one, when we're looking at the restatement that Mr. Davis talked about, that the existence of the policy itself satisfies the first, the A and the B of Section 343 in the restatement. Speedway believed that this curb was an unreasonable risk. Otherwise, there would be no purpose for this policy. Now, it certainly didn't... Can we say that for sure? Because if Speedway just thought that maybe out of the edges, there were some people who were going to benefit from it, maybe it would... I mean, painting is actually pretty easy to do. So you get the right kind of paint and you put it on, it's a rather readily available measure. So can we be certain that just by enacting that policy, they think that there are gonna be a substantial number of people tripping and hurting themselves? Well, whatever the substantial number means for Speedway, it means that they believed enough customers would not see and avoid and notice the curb. Otherwise, there would be no reason to have this policy. So whether that's one a year or one every five years or one every week, there was some assessment made by Speedway that this curb posed an unreasonable enough risk, and that's the measure, not whether a substantial injury is gonna be caused, but the risk is unreasonable enough to warrant the policy, and that there's enough people, customers entering the store that would not be able to see and avoid it. They would have expected that, and that's why this policy exists. I would also point out and urge the court to look at the Wright case, because in that case, there was a... The issue was a jury instruction, and the first paragraph in the Wright case says that, and everybody agreed was the correct statement of the law, was that Walmart's policy could be used as evidence for the jury in deciding whether Walmart was negligent. And so, everybody agreed that that aspect of the jury instruction was proper, and that's what we're suggesting in this case, that yes, the... I see my time has expired. All right. I think we have your point in your brief. So thanks very much to both counsel. We will take the case under advisement.